UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOSEPH KOWALCZYK and ALIL PERICIC,

                              Plaintiffs,

   -against-

JOHN BARBARITE, SUE FLORA, GORDON JENKINS
and THE VILLAGE OF MONTICELLO, a municipality
of the State of New York,

                              Defendants.
-----------------------------------------------------------------X

**08 CIV. 6992**

**JUDGE KARAS**

**VERIFIED COMPLAINT
WITH JURY DEMAND**

Plaintiffs, the undersigned, as and for their verified complaint, and by their attorneys, the undersigned, allege as follows:

### A. The Parties

1(a). Plaintiff Alil Pericic is a non-citizen alien, owns real property within the Village of Monticello and resides at 6340 Fresh Pound Road, Ridgewood, New York 11385.

(b). Plaintiff Joseph Kowalczyk is a naturalized citizen having been born in Poland, owns real property within the Village of Monticello and resides at 19 Oak Hill Street, Stamford, Connecticut 06902.

2(a). Defendant John Barbarite, currently Village of Monticello Manager, sued herein both individually and as an employee of the Village of Monticello, resides in the Village of Monticello, Sullivan County, within the Southern District of New York.

(b). Defendant Sue Flora, currently Village of Monticello Code Enforcement Officer, also known as Building Inspector, sued herein both individually and as an

1

employee of the Village of Monticello, resides in the Village of Monticello, Sullivan County, within the Southern District of New York.

(c).    Defendant Gordon Jenkins, currently the Mayor of the defendant Village of Monticello, sued herein both individually and as an officer of the Village of Monticello, resides in the Village of Monticello, Sullivan County, within the Southern District of New York.

(d).    Defendant Village of Monticello (hereafter "Village") is a municipal subdivision of the State of New York and of the County of Sullivan having its principal office at 2 Pleasant Street, Monticello, New York 12701, within the Southern District of New York.

### B.    Jurisdiction

3.    Plaintiffs' claims are predicated upon, amongst other things, deprivation by the defendants of plaintiffs' rights to substantive due process and equal protection of the laws, in violation of 42 USC §§1981 and 1983 and in violation of the 14th Amendment to the U.S. Constitution.

4.    Accordingly, jurisdiction in this case is predicated upon 28 USC §§1336 and 1343(a).

### C.    Venue

5.    Venue of this action in the Southern District of New York is predicated upon 28 USC §1391(a) in that all defendants reside in such district, and that all of the events and omissions involved herein occurred in such district.

### D. Relationship of the Parties

6. Plaintiffs, being separate, distinct and unrelated owners of separate unrelated parcels of real property located in the Village, have applied for certain certificates of occupancy, building permits and other certificates and permits (hereafter "certificates and permits" generally) from the Village.

7. Plaintiffs claim, in general, and as particularly hereafter pleaded herein, that they have been the objects of continuous prejudice, ugly racial and religious slurs, and that with respect to the processing of such certificates and permits, have been subjected to egregious discrimination, deprivation of due process and equal protection of the laws by the defendants.

### E. Facts Relating to Kowalczyk's Claims

8. Plaintiff Joseph Kowalczyk (hereafter "Kowalczyk") purchased real property located at 37-39 High Street in the Village in 2001.

9. On January 16, 2002, the then Village code enforcement official, in accordance with Kowalczyk's application therefor, issued him building permit #2646 with respect to Apartments C1 and C2 at 39 High Street. Kowalczyk, having thereby obtained a subject property interest by way of such permit, relied thereon and spent considerable sums of money in effectuating the renovations for which the said building permit was issued.

10. Thereafter, Kowalczyk applied to the Village for permits to rehabilitate additional apartments at that site. By letter dated March 15, 2002, the Village denied such application. However, by letter dated May 9, 2002, the Village Attorney, then one Sharon L. Jenkiewicz, wrote to the Village building inspector advising in part as follows:

3

> "I have reviewed the denial of application for a building permit and the application for a zoning variance for the above referenced matter.
>
> In my opinion this property falls under the Village of Monticello Zoning Code Article VII, Nonconforming Uses.
>
> My interpretation of Mr. Kowalczyk's application is that he is asking for a building permit to renovate the existing structure only. To replace the roof and siding, and to upgrade the existing apartments, but not to add or extend the existing structure. If this is correct, under our existing code, Mr. Kowalczyk's application for a building permit to renovate an existing nonconforming use structure should be granted. It would be improper to deny the application for renovations to an existing nonconforming structure based on insufficient parking."

11.   Thereafter, and in accordance therewith, additional building permits were issued for the rehabilitation of six apartments at the premises. Plaintiff Kowalczyk thereby acquired a substantial property interest in such permits, relied thereon, and spent considerable sums of money to effectuate the plans and specifications submitted by him, and upon which the subject building permits were issued. The building permits were renewed from time to time.

12.   Thereafter, and in 2007, defendant Sue Flora (hereafter "Flora") was the building inspector and code enforcement officer of the Village and defendant John Barbarite (hereafter "Barbarite") became deputy village manager. Flora periodically inspected the progress of Kowalczyk's work upon the subject premises as hereinabove referred to, and in accordance with the subject building permits.

13.   In March and April 2007, and on other prior occasions and at subsequent times, Barbarite made unannounced appearances at Kowalczyk's property at 39 High Street, at which time and times Barbarite said, amongst other racial, vile and profane

4

statements, that he will not permit "you foreigners and you polacks to bring niggers and Puerto Ricans into my back yard." Defendant Barbarite resides at Cottage Street in the Village, a few hundred yards from plaintiff's property.

14. Plaintiff Kowalczyk told Barbarite, which was the fact, that on December 21, 2006, the Village had issued Kowalczyk a conditional certificate of occupancy which required only that five items needed completion and repair, to wit:

1. dumpster enclosure
2. landscaping
3. pave entry and parking
4. remove obstructions (done)
5. and add numbers to units (done).

15. That subsequent to the issuance of said December 21, 2006 permit, defendant Flora visited the premises at least every two weeks to observe and to inspect the ongoing construction, repairs and renovation. Kowalczyk relied upon the December 21, 2006, permit and spent substantial sums in complying therewith.

16. At the May, 2008 encounter, Barbarite told Kowalczyk that he "could shove the temporary certificate of occupancy up your ass;" that the previous building permits and certificates of occupancy issued to Kowalczyk should not have been issued. Barbarite then delivered notices to Kowalczyk's tenants advising them to vacate the premises immediately. Barbarite caused defendant Flora, the village code enforcement officer and building inspector, to write to Kowalczyk advising him that this December 21, 2006, building permit was void, even though she had inspected and approved repairs, renovations and construction made by Kowalczyk after such permit was issued.

17. Barbarite threatened Kowalczyk with criminal charges and arrest if Kowalczyk as much as attempted to perform repairs, renovations or any other work upon

Kowalczyk's property at 39 High Street, while at the same time threatening Kowalczyk with fines on a daily basis for Kowalczyk's alleged failure to correct or to repair alleged violations with respect to the premises; the Village's mayor, one Gordon Jenkins, was aware of all of these facts, and personally advised the tenants at 37-39 High Street not to pay rent to Kowalczyk.

18. Defendants Barbarite and Flora have approved other residential apartment buildings in the Village of non-ethnic citizens, whose property conditions were and are similar to those of the plaintiff.

19. The defendant Village and its trustees and defendant Gordon Jenkins, the Village Mayor were, have been, and are aware of the facts and circumstances pertaining to the plaintiff herein, and have ratified and approved all of the acts and omissions of Barbarite and Flora as hereinabove set forth.

F. Kowalczyk's Causes of Action

**AS AND FOR A FIRST CAUSE OF ACTION IN FAVOR OF PLAINTIFF KOWALCZYK AGAINST ALL OF THE DEFENDANTS SEEKING MONEY DAMAGES PURSUANT TO PLAINTIFF'S "SUBSTANTIVE DUE PROCESS" CLAIM.**

20. That as a result of the foregoing facts, Kowalczyk has demonstrated a legitimate claim of entitlement to the use of the certificates of occupancy and building permits hereinabove referred to and as heretofore granted by the defendant Village in that:

    a. Plaintiff Kowalczyk has an adequate and substantial property interest in such certificates of occupancy and building permits;

6

      b.    The defendants have acted in an arbitrary or irrational manner to deprive him of such interest or interests, including, but not limited to defendants' cancellation of certificates and permits issued to plaintiff; and

      c.    Such acts by the defendants violate plaintiff Kowalczyk's substantive due process rights conferred upon him by the 14th Amendment to the U.S. Constitution.

    21.    That as a result thereof, plaintiff Kowalczyk has been unable to and is prevented from completing the renovation of his apartment buildings at 37-39 High Street in the Village of Monticello and has been damaged by all defendants in the sum of $250,000.00.

**AS AND FOR A SECOND CAUSE OF ACTION IN FAVOR OF PLAINTIFF KOWALCZYK AGAINST ALL OF THE DEFENDANTS SEEKING MONEY DAMAGES PURSUANT TO PLAINTIFF'S "DEPRIVATION OF EQUAL PROTECTION OF THE LAWS" CLAIM.**

    22.    That as a result of the foregoing facts, Kowalczyk has been deprived by the defendants of equal protection of the law in that:

      a.    Compared with other similar situations involving other property owners in the Village, plaintiff Kowalczyk has been adversely selectively treated;

      b.    Such adverse selective treatment is predicated on impermissible considerations by the defendants, including race, religion, intent to inhibit or punish the exercise of plaintiff's constitutional rights and further based on defendants' malicious and bad faith intent to cause injury to the plaintiff and his property; and

      c.    Such adverse selective treatment violates plaintiff Kowalczyk's rights afforded him pursuant to 42 USC 1981 et seq.

23. That as a result thereof, plaintiff Kowalczyk has been unable to and is prevented from completing the renovation of his apartment buildings at 37-39 High Street in the Village of Monticello and has been damaged by all defendants in the sum of $250,000.00.

**AS AND FOR A THIRD CAUSE OF ACTION IN FAVOR OF PLAINTIFF KOWALCZYK AGAINST DEFENDANTS BARBARITE AND JENKINS PURSUANT TO 42 USC 1985.**

24. That at all times mentioned herein, defendants Barbarite and Jenkins have threatened and intimidated defendant Flora, compelling her, under actual or implicit threat of losing her then job as Village Code Enforcement Officer, to alter documents and to write false letters to the plaintiff, including, but not limited to, compelling her to write by hand on building permits and/or certificates of occupancy issued to plaintiff Kowalczyk, pre-dated notations that such documents were issued by error.

25. That such acts of threats and intimidation by defendants Barbarite and Jenkins violate 42 USC 1985, and constitute part of defendants' conspiracy to deprive plaintiff Kowalczyk of his constitutional and statutory rights as hereinabove pleaded and set forth.

26. That as a result thereof, plaintiff Kowalczyk has been wrongfully deprived of his building permits and/or certificates of occupancy, and has been unable to and is prevented from completing the renovation of his apartment buildings at 37-39 High Street in the Village of Monticello and has been damaged by defendants Barbarite and Jenkins in the sum of $250,000.00.

### AS AND FOR A FOURTH CAUSE OF ACTION IN FAVOR OF PLAINTIFF KOWALCZYK AGAINST DEFENDANT JENKINS PURSUANT TO 42 USC 1986.

27. That at all times mentioned herein, defendant Gordon Jenkins was fully aware of the acts and omissions of defendants Barbarite and Flora as hereinabove described and set forth in the Third Cause of Action hereinabove set forth. Although it is alleged herein that said defendant Jenkins participated therein, he nevertheless had knowledge of such acts and omissions, had the power to prevent or aid in preventing the commission of the same, but neglected and refused so to do.

28. Indeed, defendant Jenkins in his capacity as Mayor of the defendant Village continued to employ defendant Barbarite notwithstanding the fact that a hearing had been conducted by the Village of Monticello wherein and whereby on February 6, 2008, one Vincent Meyer, housing inspector for the Sullivan County Department of Family Services, testified that at the Miss Monticello Diner in the early fall of 2007, he was having lunch with defendants Flora and Barbarite. Meyer testified that after he had advised Barbarite that closed buildings should be secured to prevent people from moving back into such closing buildings. Meyer testified that Barbarite said: (1) He did not have any obligation to secure those buildings; and (2) that he hoped there would be a fire and that someone would die, and that would prove his point. Meyer told Barbarite, "John, you really don't want somebody to die in a fire" and he said, "Oh, you're just a fucking liberal."

29. On another occasion, Meyer met Barbarite on Cottage Street in Monticello; a car with Hispanics went by. Barbarite said, "This really used to be a nice street until the Spics took over."

9

30. Accordingly, plaintiff Kowalczyk is entitled to recover from defendant Jenkins, as an alternative to the relief sought against defendant Jenkins in plaintiff Kowalczyk's First, Second and Third Causes of Action, the statutory maximum sum of $5,000 in accordance with 42 USC 1986.

**AS AND FOR A FIFTH CAUSE OF ACTION IN FAVOR OF PLAINTIFF KOWALCZYK AGAINST DEFENDANT VILLAGE OF MONTICELLO PURSUANT TO 42 USC 1983.**

31. That in accordance with 42 USC 1983, and upon the facts and circumstances of this case as hereinabove pleaded and set forth, plaintiff Kowalczyk is entitled to declaratory relief as hereafter set forth.

32. That furthermore, under State law, plaintiff is also entitled to such declaratory relief by application of the common law principle of estoppel in that after the defendants issued such certificates and permits, they periodically inspected plaintiff's construction, then being performed in reliance upon, in accordance with such certificates and permits, without objection by, and with acquiescence therein, by the defendants.

33. That such declaratory relief to which plaintiff is entitled consists of a judgment declaring that plaintiff's certificates of occupancy and building permits, as hereinabove described, and as heretofore issued by defendant Village of Monticello were improperly cancelled or terminated and remain in full force and effect.

**AS AND FOR A SIXTH CAUSE OF ACTION IN FAVOR OF PLAINTIFF KOWALCZYK AGAINST ALL OF THE DEFENDANTS PURSUANT TO 42 USC 1988(b).**

34. That in accordance with 42 USC 1988(b), plaintiff Kowalczyk is entitled to reimbursement for attorneys' fees and expenses in the prosecution of this action.

35. That the fair and reasonable value of such services performed and to be performed is $100,000, or such other lesser or greater amount as may be awarded by the Court.

36. Accordingly, plaintiff Kowalczyk is entitled to recover from the defendants the sum of $100,000, or such other amount as may be awarded by the Court.

### G. Facts Relating to Pericic's Claims

37. Plaintiff Alil Pericic (hereafter "Pericic") purchased real property located at 92 High Street in the Village in 2004.

38. Thereafter and on or about August 9, 2005, upon a completed application, the defendant Village through its code enforcement officer Sue Flora issued Pericic a building permit granting him permission:

> "To: Repair an existing vacant 9 family apartment building to a 9 family multiple residence to meet regulations and requirements of Appendix K of NYS Building Code.
>
> At a premises located at: 92 High Street Monticello, NY 12701."

39. Thereafter, and subsequent to August 9, 2005, and from time to time, while plaintiff Pericic was performing the repairs in accordance with the aforesaid building permit, inspections of the site and the work in progress were made and approved by defendant Flora and plaintiff Pericic continued to perform such work, relying upon the said building permit and the progress approvals then being made by defendant Flora. A copy of said building permit #3275 is annexed hereto as Exhibit A.

40. Thereafter, defendant Barbarite became assistant or deputy Village Manager and improperly and illegally caused defendant Flora to backdate a notation on said permit, voiding the same, although Flora herself had made inspections of the work in

11

progress subsequently without notifying or mentioning to Pericic that the permit would be, and then, had been cancelled.

41.     That subsequent to the issuance of said August 9, 2005 permit, as aforesaid, defendant Flora visited the subject premises approximately every two weeks to observe and inspect the ongoing construction and renovations. Pericic relied upon the August 9, 2005 permit and spent substantive sums in complying therewith.

42.     In the interim, plaintiff Pericic hired William Gill of Alvin Adler Consulting Engineers in Woodridge, New York, who drew complete sets of plans for the renovation authorized by the aforesaid building permit for nine apartments -- the building having accommodated nine apartments for at least the past 20 years.

43.     Defendant Barbarite would not accept the plans, although it was not within his province to accept or reject the plans. Upon rejecting the plans, Barbarite told Pericic that he is not going to permit nine more families of niggers and Puerto Ricans on High Street.

44.     Barbarite insisted that the plans must include 25% open space for a playground. Notwithstanding the fact that no buildings, old or new in the Village of Monticello, have the required 25% open space for a playground.

45.     Thereafter, Barbarite told Pericic's engineer William Gill that if the building were cut to seven units, he would see to it that it would be approved. Gill started to re-engineer the premises for seven residential units when Barbarite told him that the Planning Board would be more receptive to a reduction to five apartments.

46. Barbarite has, from time to time, subjected Pericic and his investor, one Aida Markisic, to vile, profane insults and derogatory racial slurs, including but not limited to the following:

   a. March, 2007, Pericic and Markisic ran into Barbarite at Home Depot in the electrical department. They had questions about 92 High Street. The questions was - we need to finish front siding of house, as Barbarite had stopped them just before completing same. As they were talking, he gave permission to complete the front. They asked "would you mind giving us that in writing and faxing to us." He would not give the permission in writing. He got angry. Said to Pericic, "Couldn't you find any other place to invest your money and take this low income trash out of my neighborhood." (Pericic and Markisic were both present).

   b. March 2007, about two weeks before incident (a) at 21 Spring Street, Village, directly across from African-American Baptist Church. Congregants were praying. Barbarite said, "Do you hear that?" "What kind of monkeys are making this noise." "You're not going to put those people in your building are you?" "You don't want niggers and Spanish bastards in your building, they'll destroy it. That why I (Barbarite) sold Cottage Street, because all I could get was trashy Section 8." (Barbarite had owned a building on Cottage Street.)

   c. February 22, 2007. Barbarite violates High Street work. About one week later, Pericic went to speak to Barbarite in the Building Department. Barbarite implicitly misrepresented himself as Mayor. Pericic said, "You cannot take away permit and say you are not issuing one." Barbarite smiled. Pericic said, "What do you want me to do?" Barbarite said, "burn it." Markisic said "You can't just do this to me." Barbarite answered, "Guess what, there's a new sheriff in town."

**AS AND FOR A FIRST CAUSE OF ACTION IN FAVOR OF PLAINTIFF PERICIC AGAINST ALL OF THE DEFENDANTS SEEKING MONEY DAMAGES PURSUANT TO PLAINTIFF'S "SUBSTANTIVE DUE PROCESS" CLAIM.**

47. That as a result of the foregoing facts, Pericic has demonstrated a legitimate claim of entitlement to the use of the certificates of occupancy and building

permits hereinabove referred to and as heretofore granted by the defendant Village in that:

    a. Plaintiff Pericic has an adequate and substantial property interest in such certificates of occupancy and building permits;

    b. The defendants have acted in an arbitrary or irrational manner to deprive him of such interest or interests, including, but not limited to defendants' cancellation of certificates and permits issued to plaintiff; and

    c. Such acts by the defendants violate plaintiff Pericic's substantive due process rights conferred upon him by the 14th Amendment to the U.S. Constitution.

48. That as a result thereof, plaintiff Pericic has been unable to and is prevented from completing the renovation of his apartment buildings at 92 High Street in the Village of Monticello and has been damaged by all defendants in the sum of $250,000.00.

**AS AND FOR A SECOND CAUSE OF ACTION IN FAVOR OF PLAINTIFF PERICIC AGAINST ALL OF THE DEFENDANTS SEEKING MONEY DAMAGES PURSUANT TO PLAINTIFF'S "DEPRIVATION OF EQUAL PROTECTION OF THE LAWS" CLAIM.**

49. That as a result of the foregoing facts, Pericic has been deprived by the defendants of equal protection of the law in that:

    a. Compared with other similar situations involving other property owners in the Village, plaintiff Pericic has been adversely selectively treated;

    b. Such adverse selective treatment is predicated on impermissible considerations by the defendants, including race, religion, intent to inhibit or punish the

exercise of plaintiff's constitutional rights and further based on defendants' malicious and bad faith intent to cause injury to the plaintiff and his property; and

    c.    Such adverse selective treatment violates plaintiff Pericic's rights afforded him pursuant to 42 USC 1981 et seq.

50.    That as a result thereof, plaintiff Pericic has been unable to and is prevented from completing the renovation of his apartment buildings at 92 High Street in the Village of Monticello and has been damaged by all defendants in the sum of $250,000.00.

### AS AND FOR A THIRD CAUSE OF ACTION IN FAVOR OF PLAINTIFF PERICIC AGAINST DEFENDANTS BARBARITE AND JENKINS PURSUANT TO 42 USC 1985.

51.    That at all times mentioned herein, defendants Barbarite and Jenkins have threatened and intimidated defendant Flora, compelling her, under actual or implicit threat of losing her then job as Village Code Enforcement Officer, to alter documents and to write false letters to the plaintiff, including, but not limited to, compelling her to write by hand on building permits and/or certificates of occupancy issued to plaintiff Pericic, pre-dated notations that such documents were issued by error.

52.    That such acts of threats and intimidation by defendants Barbarite and Jenkins violate 42 USC 1985, and constitute part of defendants' conspiracy to deprive plaintiff Pericic of his constitutional and statutory rights as hereinabove pleaded and set forth.

53.    That as a result thereof, plaintiff Pericic has been wrongfully deprived of his building permits and certificates of occupancy, and has been unable to and is prevented from completing the renovation of his apartment buildings at 92 High Street in

the Village of Monticello and has been damaged by defendants Barbarite and Jenkins in the sum of $250,000.00.

### AS AND FOR A FOURTH CAUSE OF ACTION IN FAVOR OF PLAINTIFF PERICIC AGAINST DEFENDANT JENKINS PURSUANT TO 42 USC 1986.

54. That at all times mentioned herein, defendant Gordon Jenkins was fully aware of the acts and omissions of defendants Barbarite and Flora as hereinabove described and set forth in the Third Cause of Action hereinabove set forth. Although it is alleged herein that said defendant Jenkins participated therein, he nevertheless had knowledge of such acts and omissions, had the power to prevent or aid in preventing the commission of the same, but neglected and refused so to do.

55. Accordingly, plaintiff Pericic is entitled to recover from defendant Jenkins, as an alternative to the relief sought against defendant Jenkins in plaintiff Pericic's First, Second and Third Causes of Action, the statutory maximum sum of $5,000 in accordance with 42 USC 1986.

### AS AND FOR A FIFTH CAUSE OF ACTION IN FAVOR OF PLAINTIFF PERICIC AGAINST DEFENDANT VILLAGE OF MONTICELLO PURSUANT TO 42 USC 1983.

56. That in accordance with 42 USC 1983, and upon the facts and circumstances of this case as hereinabove pleaded and set forth, plaintiff Pericic is entitled to declaratory relief as hereafter set forth.

57. That furthermore, under State law, plaintiff is also entitled to such declaratory relief by application of the common law principle of estoppel in that after the defendants issued such certificates and permits, they periodically inspected plaintiff's

FOURTH CAUSE OF ACTION: Statutory money damages in the sum of $5,000 against defendant Jenkins for failing to prevent civil rights violations pursuant to 42 USC 1986.

FIFTH CAUSE OF ACTION: Declaratory judgment pursuant to 42 USC 1983 stating that certain certificates of occupancy and building permits issued by defendant Village of Monticello to plaintiff Kowalczyk were improperly cancelled or terminated and remain in full force and effect.

SIXTH CAUSE OF ACTION: Counsel fees in the sum of $100,000 pursuant to 42 USC 1988(b) against all defendants.

**With respect to plaintiff Pericic's causes of action:**

FIRST CAUSE OF ACTION: Money damages upon "substantive due process" claim in the sum of $250,000 against all defendants.

SECOND CAUSE OF ACTION: Money damages upon "deprivation of equal protection of the laws" claim in the sum of $250,000 against all defendants.

THIRD CAUSE OF ACTION: Money damages upon intimidation of witness in violation of 42 USC 1985 in the sum of $250,000 against defendants Barbarite and Jenkins.

FOURTH CAUSE OF ACTION: Statutory money damages in the sum of $5,000 against defendant Jenkins for failing to prevent civil rights violations pursuant to 42 USC 1986.

FIFTH CAUSE OF ACTION: Declaratory judgment pursuant to 42 USC 1983 stating that certain certificates of occupancy and building permits issued by defendant Village of Monticello to plaintiff Pericic were improperly cancelled or terminated and remain in full force and effect.

SIXTH CAUSE OF ACTION: Counsel fees in the sum of $100,000 pursuant to 42 USC 1988(b) against all defendants.

Dated: August 4, 2008
      Liberty, New York

      Yours, etc.

      ORSECK LAW OFFICES PLLC

      By: _____
           GERALD ORSECK
      Attorneys for Plaintiffs
      1924 State Route 52, P.O. Box 469
      Liberty, NY 12754
      (845) 292-5800

## JURY DEMAND

PLEASE TAKE NOTICE that plaintiff demands trial by jury.

Dated: August 4, 2008
      Liberty, New York

      Yours, etc.

      ORSECK LAW OFFICES PLLC

      By: _____
           GERALD ORSECK (GO9913)
      Attorneys for Plaintiff
      1924 State Route 52, P.O. Box 469
      Liberty, NY 12754
      (845) 292-5800

# INDIVIDUAL VERIFICATION

STATE OF NEW YORK )
                            ) SS.
COUNTY OF SULLIVAN )

JOSEPH KOWALCZYK, being sworn says: I am one of the plaintiffs in the action herein; I have read the annexed Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon the following: papers and documents in my file.

                                                        JOSEPH KOWALCZYK

Sworn to before me this
1st day of August, 2008.

_____
Notary Public

        GERALD ORSECK
  Notary Public, State Of New York
     Sullivan County Clerk's #762
  Commission Expires November 30, 20 10

FORM No. 3

Section: 106, Block: 3 Lot: 17.1

PERMIT NO: 3275

CODE ENFORCEMENT DEPARTMENT
VILLAGE OF MONTICELLO, MONTICELLO
845-794-6130, Ext. 18; FAX 845-794-2327

# BUILDING PERMIT

*(This Permit Must Be Kept On The Premises With One Set Of Approved Plans and/or Specifications Until The Completion Of The Work Authorized)*

Date:   August 9, 2005

Permission is hereby granted to:   Alil Pericic
167 Mill Street Apartment 5
Liberty New York 12754

To: Repair an existing vacant 9 family apartment building to a 9 family multiple residence to meet regulations and requirements of Appendix K of NYS Building Code

At a premises located at: 92 High Street Monticello, NY 12701

Pursuant to application dated 7/8/05 plans and/or specifications approved by the Code Enforcement Official.

*ALL WORK SHALL BE DONE IN CONFORMANCE WITH THE NEWYORK STATE UNIFORM FIRE PREVENTION AND BUILDING CODE AND ANY OTHER CODES WHICH MAY APPLY.*

NOTE:   THIS PERMIT EXPIRES ONE (1) YEAR FROM DATE OF ISSUE

Cost of Construction: $30,000.00

Construction Fee Paid: $380.00                    Plumbing Fee Paid:

*Sue Flora*
Sue Flora
Code Enforcement Officer

106-3-17.1